**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:16-CR-00218-8-ADA** |
| | § | |
| **JEREMY SHAFFER** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

Jeremy Shaffer was convicted of Conspiracy to Distribute a Controlled Substance, To Wit: Methamphetamine, in violation 21 U.S.C. 846 & 841. On February 16, 2017, the Defendant was sentenced by The Honorable Philip R. Martinez, U.S. District Judge for the Western District of Texas, Waco Division to 121 months in custody of the Bureau of Prisons followed by a 3-year term of supervised release. The defendant's term of supervision began on October 24, 2024.

On December 16, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated standard condition number 5, in that the defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements, the defendant shall notify the probation office at least 10 days before the change. If notifying the probation officer within 72 hours of becoming aware of a change or expected change.

**Violation Number 2:** The defendant violated mandatory condition number 1, in that, the defendant shall not commit another federal, state, or local crime during the term of supervised release. On or about November 20, 2025, the defendant possessed more than 400 grams of methamphetamine, in violation of Texas Penal Code 481.115(f), Manufacture/Delivery of a Controlled Substance in Penalty Group 1, a 1st degree felony.

**Violation Number 3:** The defendant violated mandatory condition number 1, in that, the defendant shall not commit another federal, state, or local crime during the term of supervised release. On or about November 20, 2025, the defendant possessed more than 4 grams but less than 200 grams of cocaine, in violation of Texas Penal Code 481.115(d), Manufacture/Delivery of a Controlled Substance in Penalty Group 1, a 2nd degree felony.

On February 3, 2026, the Court held a hearing on the petition. At the hearing, the defendant pled NOT TRUE to violations 1 through 3. Because the Defendant pleaded not true, an evidentiary hearing was held. At the conclusion of the evidentiary hearing, the Court held that the Government did not sustain it's burden to prove by a preponderance of the evidence that Violation Number 1 was true, and that the Government did sustain it's burden to prove by a preponderance of the evidence that Violation Numbers 2 and 3 were true and that the Defendant did violate the terms and conditions of his supervised release.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.     The defendant violated the conditions of his supervision as alleged in Violation Numbers 2 and 3 in the petition.

2.    The defendant was competent.

3.    The defendant had both a factual and rational understanding of the proceedings against him.

4.    The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    The defendant was sane and mentally competent to stand trial for these proceedings.

7.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.    The defendant understood the petition and the charges alleged against him.

10.    The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    The defendant freely, intelligently, and voluntarily entered his pleas.

14.    The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that he be sentenced to twenty-four (24) months imprisonment with credit for time served, with no term of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 3rd day of February, 2026.

Dan N. MacLemore
United States Magistrate Judge